United States District Court
Southern District of Texas
**ENTERED**
October 26, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARRYL WAYNE TAYLOR, <br> TDCJ #1407960, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal <br> Justice - Correctional <br> Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-16-1809 |

## MEMORANDUM OPINION AND ORDER

State inmate Darryl Wayne Taylor (TDCJ #1407960) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") to challenge a state court conviction under 28 U.S.C. § 2254 (Docket Entry No. 1). Respondent has filed Respondent Davis' Motion for Summary Judgment with Brief in Support ("Respondent's Motion") (Docket Entry No. 10), arguing that the Petition is barred by the governing one-year statute of limitations. Taylor has not filed a response and his time to do so has expired. After considering all of the pleadings, the state court records, and the applicable law, the court will grant Respondent's Motion and will dismiss this case for the reasons explained below.

## I. Background

A local grand jury returned an Indictment against Taylor on March 16, 2006, charging him in Harris County cause number 1057759 with aggravated robbery.[1] The Indictment was enhanced for purposes of punishment with allegations that Taylor had at least two prior felony convictions.[2] On October 18, 2006, a jury in the 177th District Court for Harris County, Texas, found Taylor guilty as charged of aggravated robbery and found in the affirmative that a deadly weapon, namely a firearm, was used to commit the offense.[3] The jury found that the enhancement allegations were true and sentenced Taylor to 40 years' imprisonment.[4]

On direct appeal Taylor argued that the trial court abused its discretion by denying his post-judgment motion for new trial, which alleged ineffective assistance of counsel.[5] The intermediate court of appeals rejected this claim and affirmed the conviction in an unpublished opinion. Taylor v. State, No. 01-06-00971-CR, 2008 WL 597271 (Tex. App. — Houston [1st Dist.] March 6, 2008).[6] The Texas Court of Criminal Appeals refused Taylor's petition for

---

[1] Indictment, Docket Entry No. 9-6, p. 12.

[2] Id.

[3] Judgment of Conviction by Jury, Docket Entry No. 9-11, p. 2.

[4] Id.

[5] Brief for Appellant, Docket Entry No. 9-1, p. 12.

[6] Memorandum Opinion, Docket Entry No. 9-16, pp. 1-9.

discretionary review on August 20, 2008. Taylor v. State, PDR No. 618-08. Taylor did not appeal further by seeking certiorari review by the United States Supreme Court.

On June 30, 2009, Taylor filed a state habeas corpus Application under Article 11.07 of the Texas Code of Criminal Procedure.[7] In his Application Taylor alleged that he was denied effective assistance of counsel at his trial.[8] While that Application was pending Taylor filed a Writ of Mandamus on August 8, 2011,[9] which the Texas Court of Criminal Appeals denied on February 1, 2012.[10] Shortly thereafter, Taylor filed a federal habeas corpus Petition on February 23, 2012, which the district court dismissed without prejudice on December 21, 2012, noting that his state writ Application was still pending. Taylor v. Thaler, Civil No. 4:12-0573 (S.D. Tex.). On March 27, 2015, Taylor filed a second state habeas corpus Application, complaining of the trial court's delay in adjudicating his first Application.[11] The Texas Court of Criminal Appeals denied Taylor's first state habeas corpus

---

[7]Application for a Writ of Habeas Corpus, Case No. 1057759-A, Docket Entry No. 9-31, pp. 5-13.

[8]Id. at 8-10.

[9]Writ of Mandamus, Docket Entry No. 9-42, pp. 3-5.

[10]Action Taken on Writ No. 76,276-01, Docket Entry No. 9-40, p. 2.

[11]Application for a Writ of Habeas Corpus, Case No. 1057759-B, Docket Entry No. 9-44, pp. 5-22.

Application without a written order on September 9, 2015.[12] The Texas Court of Criminal Appeals denied Taylor's second state habeas corpus application on September 16, 2015.[13]

On June 21, 2016, Taylor executed the pending Petition seeking federal habeas corpus relief from his aggravated robbery conviction under 28 U.S.C. § 2254.[14] Taylor contends that he is entitled to relief for the following reasons: (1) the State of Texas committed a Brady violation by failing to request a competency hearing before trial; (2) he was denied effective assistance of counsel at trial and on direct appeal; (3) he was denied due process and equal protection of the law during state habeas review; and (4) the order denying his state habeas corpus Application did not have a date or signature.[15] Respondent argues that the Petition must be dismissed because it is barred by the governing one-year statute of limitations on federal habeas corpus review.

---

[12]Action Taken on Writ No. 76,276-03, Docket Entry No. 9-45, p. 1.

[13]Action Taken on Writ No. 76,276-02, Docket Entry No. 9-43, p. 1.

[14]Petition, Docket Entry No. 1, p. 10.

[15]Id. at 6-7; see also Memorandum of Law, Docket Entry No. 2, pp. 1-6. Taylor asks for his conviction to be overturned and he also requests damages of $70,000.00 for each year of illegal confinement. See Petition, Docket Entry No. 1, p. 7. Taylor's claim for monetary damages is actionable, if at all, under 42 U.S.C. § 1983. See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994). Because claims for monetary damages are not cognizable in a federal habeas corpus proceeding, these claims will not be considered here.

## II. Discussion

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

>   (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Because the pending Petition was filed well after April 24, 1996, the one-year limitations period clearly applies. See Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citation omitted).

To the extent that Taylor challenges a state court judgment of conviction, the statute of limitations began to run pursuant to § 2244(d)(1)(A) when his time to pursue direct review expired. The Texas Court of Criminal Appeals refused Taylor's petition for discretionary review on August 20, 2008, and his time to file a petition for a writ of certiorari with the Supreme Court expired 90 days later on November 18, 2008. See SUP. CT. R. 13.1. That date triggered the statute of limitations, which expired one year later on November 18, 2009.

Respondent states and the record confirms that Taylor had state habeas corpus Applications pending from June 30, 2009, through September 16, 2015 (when his second state habeas application was denied), for a total of 2,269 days.[16] Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period.[17] Taylor's state habeas corpus Applications thus tolled or extended the statute of limitations for federal review for 2,269 days, from

---

[16] Respondent's Motion, Docket Entry No. 10, p. 9.

[17] The Fifth Circuit has held that applications for a writ of mandamus do not count as collateral review and do not toll the limitations period under 28 U.S.C. § 2244(d)(2). See Moore v. Cain, 298 F.3d 361, 366-67 (5th Cir. 2002). Likewise, federal habeas corpus proceedings do not qualify as "state" habeas or other collateral review for purposes of § 2244(d)(2). See Duncan v. Walker, 121 S. Ct. 2120, 2129 (2001). Accordingly, the time during which Taylor's previous federal habeas corpus proceeding was pending does not count for purposes of statutory tolling.

November 18, 2009, until February 4, 2016. Even with tolling under § 2244(d)(2), the pending Petition, executed on June 21, 2016, was 138 days late.

Taylor has not filed a response to the Respondent's Motion for Summary Judgment and he has not made any effort to show that another exception to the statute of limitations applies. Taylor does not assert that he was subject to state action that impeded him from filing his Petition in a timely manner. See 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the Petition is based; nor does there appear to be a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. See 28 U.S.C. § 2244(d)(1)(C), (D). Taylor does not explain why he delayed seeking federal review after the Texas Court of Criminal Appeals denied his state habeas corpus Applications, and he does not demonstrate that he sought relief with due diligence or that exceptional circumstances justify equitable tolling. See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Because Taylor fails to establish that an exception to the AEDPA statute of limitations applies, the Respondent's Motion will be granted, and the Petition will be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when

entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. Respondent Davis' Motion for Summary Judgment (Docket Entry No. 10) is **GRANTED**.

2. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Darryl Wayne Taylor (Docket Entry No. 1) is **DISMISSED with prejudice** as barred by the one-year statute of limitations.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 26th day of October, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE